NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ARTHUR LOPEZ,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2023-2431

---

Appeal from the United States Court of Federal Claims in No. 1:23-cv-00620-SSS, Judge Stephen S. Schwartz.

---

Before MOORE, *Chief Judge*, TARANTO and CHEN, *Circuit Judges*.

PER CURIAM.

#### O R D E R

Arthur Lopez appeals from the United States Court of Federal Claims's order denying his motion to reassign this case to another judge.  Having considered Mr. Lopez's response to this court's show cause order, we dismiss.

This court's jurisdiction to review decisions of the Court of Federal Claims is generally limited to appeals "from a final decision," 28 U.S.C. § 1295(a)(3), i.e., one that "end[s] the litigation on the merits and leave[s] nothing for

the court to do but execute the judgment." *Haggart v. United States*, 943 F.3d 943, 951 (Fed. Cir. 2019) (citation omitted). The order denying a motion to reassign did not end this litigation on the merits.

Nor do the general exceptions to the final judgment rule apply here. The collateral order doctrine does not apply because the order can effectively be reviewed on appeal after final judgment. *See In re Preseault*, Nos. 628 et al., 2000 WL 1300418, at *1 (Fed. Cir. Sept. 1, 2000) (dismissing as premature); *see also Shell Oil Co. v. United States*, 672 F.3d 1283, 1288 (Fed. Cir. 2012) (reviewing issue on appeal after final judgment).[*] The trial court also did not enter a 28 U.S.C. § 1292(d)(2) certification, which permits appeal from orders that the trial court finds to be controlling question of law as to which there is substantial ground for difference of opinion and that immediate appeal may materially advance the termination of the litigation.

Accordingly,

IT IS ORDERED THAT:

(1)  The appeal is dismissed.

---

[*]  Because a post-judgment appeal is an adequate remedy for asserting a recusal challenge, mandamus relief would also not be available to Mr. Lopez here. *See Preseault*, 2000 WL 1300418, at *2 (denying mandamus relief).

LOPEZ v. US                                                                     3

    (2)  All pending motions are denied.

    (3)  Each party shall bear its own costs.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

<u>February 22, 2024</u>
Date